NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS PARKER, | : **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : **OPINION** |
| v. | : Civil Action No. 03-cv-914 (DMC) |
| ROY L. HENDRICKS, et al., | : |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by Petitioner Thomas Parker ("Petitioner"), for a writ of *habeas corpus* pursuant to 28 U.S.C.A. § 2254, and upon motions by Petitioner for an evidentiary hearing, admissions, and the production of documents. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* and related motions are **denied**.

**I.    BACKGROUND**

   **A.    Factual Background**

Petitioner was allegedly involved in a series of events that took place in Newark, Irvington, and East Orange on January 15, 1993, and January 16, 1993. Allegedly, Petitioner along with others, stole a gray Acura on the evening of January 15, 1993. A few hours later, a white Mazda RX-7 was also reported stolen. Later in the early morning of January 16, 1993, a murder was committed outside a club in Newark. A black car was seen at the scene with three hooded men inside. The car reportedly pursued two young women leaving the club in their car. When close enough, a passenger

from the black car got out and fired a single gunshot into the windshield of the car it was following. The driver, Ms. Burt, was shot and killed immediately according to evidence presented at the criminal trial.

Later that morning, a Mazda RX-7 was reportedly seen outside a club in East Orange. A nine millimeter gun was seen pointed from the window and two gunshots were fired. Petitioner was allegedly in the Mazda RX-7 at the time.

Later that morning, Phillisa James and a friend were leaving a diner in East Orange when they allegedly saw a black Acura approach and stop. Three men got out of the car and chased the women down stairs and took Ms. James' leather coat. On January 19, 1993, Ms. James gave a statement at the police station identifying Petitioner as "looking like the guy" who took her jacket at the diner. Following this identification, Petitioner was arrested at his sister's house. He was found guilty of several crimes and sentenced to 45 years to life.

### B.     Procedural Background

On October 22, 1993, in the New Jersey Superior Court of Essex County, Petitioner was convicted of a series of crimes including conspiracy to commit robbery, felony murder, first degree robbery, possession of a weapon, receiving stolen property, aggravated assault, possession of weapon for an unlawful purpose, theft (auto), and purposeful and knowing murder. He was sentenced to 45 years to life on November 18, 1993. On August 8, 1994 Petitioner filed a notice of appeal from these convictions. The New Jersey Appellate Division affirmed the conviction and sentence on February 10, 1997. On October 28, 1998, Petitioner filed a petition for post-conviction relief. After hearings were held in January and March 2000, before the Honorable Theodore A. Winard, the petition was denied. Petitioner filed a notice of appeal on June 15, 2000. The New Jersey Appellate Division affirmed the lower court's decision.

Between the years of 1999 and 2004, six of the witnesses who had previously testified against Petitioner in his 1993 trial, submitted recanting affidavits to the Superior Court in Essex County.

As a result, on May 21, 2001, Petitioner submitted to the trial court a motion for a new trial based on newly discovered evidence. Evidentiary hearings were held on October 27-28, 2004, and December 14, 2004. Upon hearing the testimonies of four of the six available recanting witnesses, the trial court Judge denied Petitioner's motion for a new trial on February 2, 2005. A motion for reconsideration was filed on March 7, 2005, and was denied on November 10, 2005. During this period, Petitioner filed a writ of *habeas corpus* on March 7, 2003. On August 2, 2005, Petitioner filed a motion to stay his petition for writ of *habeas corpus* until he exhausted all of his state remedies. The District Court granted his stay. Thereafter, on December 22, 2005, Petitioner filed a notice of appeal to the Appellate Division. On August 26, 2008 the New Jersey Appellate Division affirmed the Law Division's decision denying a new trial.

On December 17, 2008, following Petitioner's exhaustion of his state remedies, Petitioner filed a motion with this Court to re-open his case. Petitioner's request was granted on January 22, 2009. Petitioner filed a supplement to his application for a writ of *habeas corpus* on December 17, 2008. Respondents filed an Answer on March 20, 2009. In response, Petitioner submitted a Traverse on April 1, 2009. On April 8, 2009, Petitioner filed a motion to compel the production of documents. On April 27, 2009 and May 7, 2009, Petitioner filed a motion for an evidentiary hearing and a motion requesting "admissions in lieu of a more formal motion on petition for habeas corpus" relief. On May 19, 2009, Respondents filed a letter in opposition to Petitioner's requests for an evidentiary hearing and admissions. Presently before the Court is Petitioner's petition for a writ of *habeas corpus* as well as his motion to compel documents, request for an evidentiary hearing, and request for admissions.

## II.   STANDARD OF REVIEW

A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

Accordingly, a writ may be granted if the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Any factual findings at the state level will be presumed correct. The petitioner bares the burden of rebutting this presumption by "clear and convincing evidence" 2554(e)(1). If the burden is not met, a habeas petitioner is not entitled to an evidentiary hearing unless the claim relies on: (1) a new rule of constitutional law; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. §2254(e)(2).

The New Jersey standard for granting a new trial based on the recantation of a prosecution witness is "[w]hether the testimony given at trial was probably false and whether on that account there is a substantial possibility of a miscarriage of justice." See State v. Engel, 249 N.J. Super. 336, 383 (App. Div.), certif. den., 130 N.J. 393 (1991). Determining the credibility of recantation testimony is particularly a question for the trial judge. In determining whether a new trial should be granted, the focus should be on whether a new evidentiary hearing would be meaningful, in that it would have the potential of advancing the petitioner's claim. See Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000).

### III. DISCUSSION

Petitioner has failed to identify upon which Constitutional right his application for a writ of *habeas corpus* is predicated. Petitioner states that pursuant to the Fourteenth Amendment, his due process rights were violated, yet fails to support this contention with valid reasoning. Petitioner has likewise failed to establish proof to justify an evidentiary hearing or the granting of his motion for discovery through a request for admissions and production of documents.

#### A. Motion for an Evidentiary Hearing

In conjunction with his application for a writ of *habeas corpus,* Petitioner argues that an evidentiary hearing must be held to allow to testify two witnesses who originally were not allowed

to testify in the initial evidentiary hearing. Petitioner argues that the two witnesses not allowed to testify as to their recantations, gave the most damning testimony against him and that their recanting affidavits prove his innocence. This is not the case; both the trial court and the Appellate Division found that the recanting testimony would have no impact on the verdict because the verdict was based on substantial evidence of the Petitioner's guilt. The State Court's determination of a factual issue is presumed to be correct and the Petitioner failed to rebut this presumption. 28 U.S.C. § 2254e(1); See Campbell v. Vaughn, 209 F.3d 280, 286-7 (3d Cir. 2000), cert. den. , 531 U.S. 1084 (2001).

The State Court's decision, denying Petitioner's request for a new hearing to allow the introduction of two new recanting witnesses was supported by a reasonable determination of the facts. As a result, a new evidentiary hearing, to allow these two witnesses to submit live testimony, is **denied**.

### B. Petitioner's *Habeas Corpus* Petition

Petitioner seeks a writ of *habeas corpus* because he claims that the motion judge violated his constitutional rights pursuant to the Sixth and Fourteenth Amendments by: (1) not granting Petitioner's new trial request based on newly discovered evidence; (2) refusing to allow two material witnesses to testify; and, (3) failing to grant Petitioner a new trial based on the State's unlawful suppression of material information. Irrespective of these assertions, Petitioner's grievances do not support his claim of a violation of one of his constitutional rights.

Petitioner wrongly relies on the belief that he is guaranteed an evidentiary hearing. An evidentiary hearing is not a right and is not warranted in a *habeas* context when the standard stated in 28 U.S.C. § 2254(e)(2) is not satisfied. Here, Petitioner has failed to meet that standard. Petitioner attempts to argue that two witnesses, not heard from in the initial evidentiary hearing, provide a new "factual predicate that could not have been previously discovered through the exercise of due diligence," yet he fails to convince the Court of the validity and credibility of the affidavits.

5

See 28 U.S.C. § 2254(e)(2)(ii).  Moreover, Petitioner's reasoning in support of a writ of *habeas corpus* directly reiterates that which is in support of his motion for an evidentiary hearing, which the Court denied above.

In light of the standard for granting a new trial based on recanting testimonies, Petitioner's argument that he was denied a fair hearing in light of newly discovered evidence fails.  Courts have long "regard[ed] recantations as inherently suspect."  See State v. Engel, 249 N.J. Super. 336, 386 (App. Div.), certif. den., 130 N.J. 393 (1991).  The appropriate test for determining whether to grant a new trial in light of recantations is "[w]hether the testimony given at trial was probably false."  Id. Nonetheless, to prevent the miscarriage of justice, it is the duty of the Court to first determine whether the recanting testimony is believable.  Although both witnesses submitted recanting affidavits, both the State trial Court and Appellate Court found that the affidavits were not credible, based on content and timing of release.

Despite the recantations of the six witnesses, there still remains overwhelming evidence justifying Petitioner's conviction.  For example, Phyllis James offered testimony identifying Petitioner as the man who exited a gray Acura, chased her, pulled her down, threatened to kill her, punched her in the mouth, and finally stole her jacket.  Furthermore, the owner of the gray Acura testified that when her car was returned she found a receipt belonging to Phyllis James on the floor. Also, a senior forensic chemist testified to certain elements that pointed to Petitioner's involvement, such as the finding that a boot print in the Acura came from the same type of boot owned by Petitioner.  Moreover, black paint, similar to the paint from Petitioner's black Nissan, was found on the car owned by the homicide victim, Bunny Bert.  Lastly, the State Courts considered in detail the testimonies of four recanting witnesses and found despite grievances of coercion and harassment, that the recantations lacked "any grain of credibility," and that the grievances were simply "post-[hac] justification[s] … not in any way justified or bear[ing] any credence from the trial."

The decision by the State Courts to deny Petitioner a second evidentiary hearing to allow the two recanting witnesses to testify was based on a reasonable and thorough exoneration of the facts. Given that any factual findings at the State level should be presumed correct and that the Petitioner has not established that he is in custody in violation of the Constitution, federal laws, or treaties of the United States this decision does not provide grounds for *habeas* relief. Accordingly, Petitioner's application for a writ of *habeas corpus* is **denied**.

### C.     Motion to Compel Documents

Petitioner seeks to have this Court compel the production of documents, including trial transcripts from his post-conviction-relief proceedings, polygraph test results of key witnesses, the photo array shown to Phillisa James, and handwritten notes of the law enforcement officials involved in his arrest. Respondents assert that they have already submitted the necessary documents to Petitioner. Furthermore, certain documents requested by Petitioner were not available to the Respondents and therefore, failure to provide Petitioner with them was due to impossibility, not noncompliance. Petitioner's motion to compel documents is hereby **denied** due to the fact that Phyllisa James' identification testimony was properly admitted and that the Respondents already submitted all the requested, relevant documents in their control or possession.

### D.     Motion Requesting Admissions

Lastly, Petitioner requests that the government identify in the trial transcripts, from Petitioner's 1993 criminal trial, where it is established that Petitioner was identified by several eyewitnesses at the crime scene. This request is inappropriate. Petitioner requests admissions pursuant to Fed. R. Civ. P. 36(a)(1)(B) which states the following: "a party may serve on any other party a written request to admit, for purposes of the pending action only," the truth of any matters relating to the "genuineness of any described documents."

7

Petitioner has already requested in a separate motion that Respondents produce the trial transcripts, and the Respondents have done so. The transcripts contain substantial evidence in support of Petitioner's conviction. Furthermore, because the Court is denying Petitioner's writ of *habeas corpus,* any alternative and/or additional discovery requested by Petitioner is moot.

Accordingly, Petitioner's request for admissions, regarding the trial transcript is **denied**.

### IV.   CONCLUSION

For the reasons stated above, Petitioner's application for a writ of *habeas corpus* is **denied**. Petitioner's motions for an evidentiary hearing, admissions, and to compel documents are **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       August 19, 2009
Orig.:      Clerk
cc:         All Counsel of Record
            File