NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS PARKER, | Civil Action No. 03-914 (SRC) |
| Plaintiff, | |
| v. | OPINION |
| ROY L. HENDRICKS, et al., | |
| Defendants. | |

**CHESLER, District Judge**

This matter comes before the Court upon pro se Petitioner Thomas Parker's motions for relief under Federal Rule of Civil Procedure 60(b), and for admissions under Federal Rule of Civil Procedure 36.1.  Respondent the Attorney General of the State of New Jersey ("the State") opposes both applications.  The Court has considered the parties' submissions, and for the reasons that follow, it will deny the motions.

**A.    Background**

This case began with a violent crime spree that took place over two days in January of 1993 in northern New Jersey.  The underlying facts of the specific criminal conduct are not pertinent to the instant motions.  In October of 1993, the State charged Petitioner with multiple offenses, and a jury convicted him of felony murder, robbery, conspiracy, assault, and weapons-possession offenses.  Petitioner was sentenced to life imprisonment plus thirty years, and a forty-five year period of parole ineligibility.

Petitioner challenged his conviction in state court. He appealed to the New Jersey Appellate Division, which affirmed his conviction and sentence in February of 1997.  Petitioner

then filed for post-conviction relief, but a New Jersey Superior Court denied his petition in 2000, and the Appellate Division affirmed in 2002. Petitioner later moved for a new trial, arguing that multiple witnesses recanted their testimony. In February of 2005, a state court rejected the motion; Petitioner filed for reconsideration, which was denied. The Appellate Division affirmed.

### B. Federal Procedural History

Petitioner filed for federal habeas corpus relief. The U.S. District Court initially stayed the federal proceedings pending the conclusion of the state-court appeals, but in August of 2009, Judge Dennis M. Cavanaugh denied Petitioner's application. The Court found that the denial of Petitioner's new trial motion was reasonable, and that Petitioner failed to identify a constitutional violation. The Court noted that state courts had found the witnesses' recantation affidavits not credible, and that there remained "overwhelming evidence" supporting the conviction.

Petitioner moved for reconsideration. In June of 2010, Judge Cavanaugh denied the motion, and he issued a supplemental opinion addressing some of Petitioner's arguments which had not earlier been examined. Petitioner appealed unsuccessfully.

Beginning in April of 2011, Petitioner filed back-to-back motions asking the Court to vacate the order denying his habeas petition. On March 19, 2012, the Court denied the motions in an Order ("The March 2012 Order") [Docket Entry 62], which reads as follows:

> After considering all submissions, and based upon the following;
>
> WHEREAS this Court has considered and denied Petitioner's application for a writ of habeas corpus [ECF 36];
>
> WHEREAS this Court has denied [the] Motion for Reconsideration regarding application for a writ of habeas corpus [ECF 48];
>
> WHEREAS petitioner filed three additional petitions [ECF 54, 58, 59] to Vacate the Order denying habeas corpus.

> IT IS 19[th] day of March, 2012;
>
> ORDERED Petitioner's additional petitions filed are duplicative, and therefore denied[.]

Petitioner again appealed unsuccessfully.

In February of 2013, Petitioner filed another application for the Court to vacate [Docket Entry 66], this time seeking relief from the March 2012 Order. The State opposed the application in a two-page letter dated February 15, 2013 ("The February 2013 Letter") [Docket Entry 67]. In it, the State argued as follows:

> This Court issued two comprehensive opinions explaining why petitioner was not entitled to habeas corpus relief. When this Court denied petitioner's applications for relief under Fed. R. of Civ. P. 60b, it found that petitioner did not meet the requirements of 60b and there was no reason to disturb its earlier opinions. Nothing has changed. Petitioner still has no basis for relief.

In a February 19, 2013 Order [Docket Entry 68], the Court denied Petitioner's application, "for the reasons stated in the [State's] response." Petitioner appealed unsuccessfully.

### C. The Instant Motions

In December of 2013, Petitioner filed another Rule 60(b) motion to vacate. In support of his motion, Petitioner argues that the State misled Judge Cavanaugh. Specifically, Petitioner highlights that in the February 2013 letter, the State wrote that the Court had found Petitioner to "not meet the requirements of 60b," yet in truth, the March 2012 Order only rejected the applications as "duplicative." In September of 2014, Petitioner also moved for admissions.

The State opposes both motions. It argues that there is no reason to disturb the Court's March 2012 Order, as Petitioner has not demonstrated any entitlement to relief under Rule 60(b). The State urges that Petitioner is effectively filing a successive petition for habeas relief, which

is statutorily prohibited. Finally, the State asserts that any mischaracterization as to the March 2012 Order was not misrepresentative, because that order did implicitly find that Petitioner failed to meet the requirements of the rule.

In October 2014, this case was reassigned, and these matters are now before this Court.

**D.     Discussion**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve litigants from a final judicial order for certain reasons. Under Rule 60(b)(3), a court may vacate a final order due to the "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To succeed under that provision, the movant must demonstrate: (1) "that the adverse party engaged in fraud or other misconduct" and (2) "that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983).

Here, Petitioner has not made the required demonstration. Petitioner's argument centers on the February 2013 Letter. In it, the State appears to have mischaracterized Judge Cavanaugh's March 2012 Order. The State wrote that the Order had "found that petitioner did not meet the requirements of 60b," although the Order explicitly dismissed Petitioner's motions as "duplicative." This Court recognizes the inconsistency to which Petitioner points.

That erroneous characterization, however, was of minimal significance, and in no way could have impacted the decision that was rendered. First, as the State notes, it appears that the Court implicitly found Petitioner not to qualify for relief under Rule 60(b). Second, even if that were not the case, the State did not misrepresent any underlying facts or legal principles; instead, it failed to accurately summarize a component of what amounts to procedural history. In essence, the State only described to Judge Cavanaugh a prior order that he himself issued. Judge

Cavanaugh cited the "reasons" provided in the State's February 2013 Letter when denying Petitioner's motion, yet there is no indication that he relied upon the State's characterization of the earlier order.  Indeed, it goes without saying that Judge Cavanaugh had access to the text of his earlier order, and he therefore did not need to rely on the State's characterization of it.  Furthermore, the State made no attempt to conceal the true record from the Court, and the Court therefore had all of the information it needed to assess whether Petitioner was entitled to relief.

At bottom, the State's procedural summation in no way "prevented [Petitioner] from fully and fairly presenting his case." Stridiron, 698 F.2d at 207.  Quite the opposite, as the above review of the procedural history demonstrates, Petitioner has had a full opportunity to argue for relief, and he has had ample judicial review of his case.  To the extent that Petitioner continues to use Rule 60(b) motions as a mechanism to argue against the evidence that supported his state conviction, that amounts to successive habeas petitions, which are not permitted.  See Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

Petitioner also moves for admissions under Rule 36.1.  He urges the State to "show and admit" the March 2012 Order.  This motion simply seeks to bring further attention to the alleged mischaracterization discussed above.  The Court need not compel admissions to evaluate Petitioner's arguments, as the Court and all parties have access to the documents at issue, and indeed the relevant texts are reproduced in this opinion.

For the foregoing reasons, the Court will deny Plaintiff's motions.  An appropriate form of Order will be filed.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 8, 2015