**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

---

THOMAS PARKER,

    Petitioner,

  v.

ROY L. HENDRICKS, et al.,

    Respondents.

Civ. Action No. 03-0914 (SRC)

**OPINION**

---

**CHESLER**, District Judge:

  This matter is before the Court upon Petitioner's "Motion Requesting the District Court to Vacate It's January 8, 2015 Order and Opinion Denying Third (3rd) Fed. R. Civ. P. 60(b) Motion Pursuant to Fed. R. Civ. P. 60(b) 2, 4, & 6." (ECF No. 97.) Respondents filed a letter brief opposing the motion (ECF No. 98), and Petitioner replied. (ECF No. 99.) Respondents have opposed the motion. The Court has considered the parties' submissions, and for the reasons stated below, the Court will deny Petitioner's motion.

**I. BACKGROUND**

  On January 8, 2015, this Court denied Petitioner's December 2013 motion for relief under Federal Rule of Civil Procedure 60(b),

and for admissions under Federal Rule of Civil Procedure 36.1 (Opinion, ECF No. 82; Order, ECF No. 83.) In his December 2013 Rule 60(b) motion, Petitioner argued that the State mischaracterized Judge Cavanaugh's March 2012 Order in a letter to the Court in February 2013. (Opinion, ECF No. 82 at 4.) The State indicated that Judge Cavanaugh dismissed Petitioner's motions because he did not meet the requirements of Federal Rule of Civil Procedure 60(b), but the Order explicitly dismissed the motions because they were duplicative. (Id.) This Court found the State's erroneous characterization of Judge Cavanaugh's reasons for dismissal of the motions to be harmless in its January 8, 2015 Order. (Id. at 5.)

Petitioner appealed this Court's January 8, 2015 Order to the Third Circuit Court of Appeals. (Notice of Appeal, ECF No. 84.) On November 10, 2015, the Third Circuit denied Petitioner's application for a certificate of appealability, finding "jurists of reason would not debate the District Court's decision to deny Parker's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." (USCA Certified Order in Lieu of Formal Mandate, ECF No. 96.)

Petitioner filed the present motion on November 23, 2015. Petitioner asserted:

> THE DISTRICT COURT SHOULD VACATE IT'S JANUARY 8, 2015 ORDER DENYING THE PETITIONER'S THIRD FED. R. CIV. P. 60(b) MOTION (1) BECAUSE OF

2

>      NEWLY DISCOVERED EVIDENCE; (2) BECAUSE THE
>      OPINION IS VOID OF ADDRESSING THE RULE'S
>      SUBSECTION SIX; (3) THE COURT SHOULD THEN RULE
>      ON THE "CATCH ALL SUBSECTION" OF THE RULE
>      BECAUSE HIS RIGHT TO THE GREAT WRIT WAS
>      DENIED.

(ECF No. 97 at 3.) The essence of Petitioner's claim is that no court has addressed his contention that the August 21, 2009 Order denying habeas relief "squarely relied on the mistake that, 'the Petitioner was identified by Phillissa James as the guy who attacked her' and that 'black paint similar to black paint from the Petitioner's black Nissan Maxima was found on the victim's red Toyota.'" (Id. at 6, quoting ECF No. 35, at 6).

The purported "new evidence" upon which Petitioner relies is Respondents' October 17, 2014 letter opposing Petitioner's third 60(b) motion, where Respondents "finally admitted the true record facts."[1] (Id. at 9.) Petitioner alleged this letter contained new

---

[1] In their opposition to Petitioner's motion to vacate the District Court's February 20, 2013 Order denying Petitioner's motion to vacate the District Court's March 19, 2012 order for relief under Fed. R. Civ. P. 60(b), Respondents addressed the merits of Petitioner's claims that Respondents misrepresented the facts in their opposition to Petitioner's habeas petition. (ECF No. 78.) Respondents stated:

> [R]espondents do not contend that Rodriguez
> positively identified petitioner. Maing [via
> his statement that he later recanted] and Cobb
> both conveyed that petitioner admitted to them
> that he shot Burt. Rodriguez, while not making
> an identification, was with Burt at the time
> of her death, and described the ordeal. Based
> on the inferences from that evidence,
> respondents argued that Burt and Rodriguez

3

facts, the previous absence of which caused the District Court to deny his habeas petition in 2009. (Id. at 9-10.)

Respondents opposed the present motion. (ECF No. 98.) On the merits of Petitioner's claims, Respondents assert Judge Cavanaugh, in denying habeas relief, was well aware that James was not completely certain of her identification of Petitioner, only that Petitioner's photo "look[ed] like the guy." (Id. at 3, citing June 24, 2010 Opinion, ECF No. 47.) Respondents also asserted that "Judge Cavanaugh knew that the Maxima did not have the match," because "'paint specimens from the Acura matched the paint from Burt's car.'" (Id.)

---

> attempted to flee from petitioner and his cohorts while in their car, and then petitioner exited his car and shot a bullet into the vehicle, which fatally struck Burt. Respondents recounted that James identified a photograph of a person who looked like petitioner. As for damage to the vehicles, the Maxima had no damage consistent with hitting the red car. Investigator Frank Racioppi processed the Acura and found damage to the front headlight, streaks of red pain on it, damage to the front hood, a punched out ignition and damage to the car quarter panel. Racioppi also found several shoe impressions on the hood of the car. Joyce Polyniak, a forensic scientist, examined the boots seized and compared them to the footprint on the car hood. The footprint on the car hood was consistent with one of defendant's boots. Paint specimens from the Acura matched the paint from Burt's car.

(ECF No. 78 at 7-8.)

4

Respondents further oppose the motion as improperly brought to relitigate the merits of previously litigated claims. (Id.) Respondents contend Petitioner is simply raising issues similar to the issues previously rejected by this Court.

Petitioner responded by letter. (Letter, ECF No. 99.) Petitioner claims Respondents are attempting to confuse the Court by citing Judge Cavanaugh's June 24, 2010 reconsideration Opinion when Petitioner is challenging Judge Cavanaugh's August 21, 2009 opinion. (Id. at 2.)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a Final Judgment, Order or Proceeding. "[A] motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Kustom Signals, Inc. v. Applied Concepts, Inc., 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003); see Balter v. United States, 410 F. App'x 428 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions).

Here, Petitioner is rehashing arguments he has previously presented, both to this Court and to the Third Circuit Court of Appeals, and lost. (ECF Nos. 39, 54, 58, 59, 65, 66, 68, 71, 77.) Therefore, Federal Rule of Civil Procedure 60(b) cannot provide

5

relief to Petitioner. The Court further notes that Petitioner's claim that Judge Cavanaugh relied on misrepresentations by Respondents in denying habeas relief is belied by Judge Cavanaugh's June 24, 2010 Opinion, in which he recognized that James' identification of Petitioner was not certain ("James also identified the petitioner's photo as '*looking like the guy*' by his mouth, eyes and skin color") (emphasis added); and the paint specimens did not match the Maxima ("The Maxima [Petitioner's car] had no damage consistent with hitting a red car" and "Paint specimens from the Acura matched the paint from Burt's car.") (June 24, 2010 Opinion, ECF No. 47 at 3-4.)

Contrary to Petitioner's assertion, Judge Cavanaugh's June 24, 2010 Opinion is very relevant to Petitioner's request for relief. Judge Cavanaugh entered this Opinion upon reconsideration of the August 21, 2009 Opinion and Order that Petitioner is challenging. In discussing the background facts of the case in his reconsidered Opinion, Judge Cavanaugh cited the very statements that Petitioner now puts forth as "new evidence." Judge Cavanaugh took these facts into account when he found that Petitioner simply was not entitled to habeas relief.

### III. CONCLUSION

In the accompanying Order filed herewith, Petitioner's Federal Rule of Civil Procedure 60(b) motion will be denied.

DATED: 3/17/16

STANLEY R. CHESLER
United States District Court