**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

|  |  |  |
|---|---|---|
| THOMAS PARKER, | : | |
| | : | Civ. Action No. 3-914 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

**CHESLER**, District Judge:

This matter is before the Court upon Petitioner's letter-motion requesting the Court to vacate its March 17, 2016 Order (ECF No. 104) and Petitioner's motion for this Court to take judicial notice of <u>Dennis v. Secretary, Pennsylvania Department of Corrections</u>, 2016 U.S. LEXIS 15434 (August 23, 2016) (ECF No. 106).

## I.   BACKGROUND

In January 2003, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction and sentence. (ECF No. 1.) The Court denied his habeas petition on August 21, 2009. (ECF Nos. 35, 36.) For the last seven years, Petitioner has filed multiple motions seeking to challenge the denial of his habeas petition. On March 17, 2016,

1

this Court denied Petitioner's third motion under Federal Rule of Civil Procedure 60(b), which had argued, among other things, that there had been a factual error in the order denying his petition for habeas corpus relief. (Opinion and Order, ECF Nos. 100, 101.)

Petitioner brings his present motion under Federal Rule of Civil Procedure 60(b)(4) and (6). (ECF No. 104 at 1.) In the motion, Petitioner argues that there has been a defect in the proceedings. (Id.) He does not present a new claim for habeas relief. (Id.) The alleged defect is this Court's failure to address his prior motion under the "catch-all" provision of Federal Rule of Civil Procedure 60(b)(6). (ECF No. 104-1 at 6.) Petitioner also asks this Court to take judicial notice of Dennis v. Secretary, Pennsylvania Dep't of Corr., --F.3d--, 2016 WL 4440925 (3d Cir. Aug. 23, 2016).

## II.  DISCUSSION

The Court takes judicial notice of Dennis, 2016 WL 4440925 (3d Cir. Aug. 23, 2016). Petitioner argues that in Dennis, the Third Circuit "acknowledged that the Court's habeas review 'is limited to the record as presented to the state court." (Mot., ECF No. 106 at 2.) For this reason, Petitioner argues that Judge Cavanaugh misstated facts from the state court record in his habeas proceeding. (Id. at 2.) Petitioner argues that because these facts must be presumed correct absent clear and convincing evidence to the contrary pursuant to 28 U.S.C. § 2254(e)(1), Petitioner was

prevented from establishing the habeas standard for relief. (Id. at 2.)

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment, order or proceeding for five enumerated reasons and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[A] motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Kustom Signals, Inc. v. Applied Concepts, Inc., 247 F.Supp.2d 1233, 1235 (D. Kan. 2003); see Balter v. U.S., 410 F. App'x 428, 430 (3d Cir. 2010) (finding that the district court did not abuse its discretion in denying relief under Rule 60(b)(6) where the motion "simply rehashed arguments" made in previous motions).

Here, once again, Petitioner is rehashing the underlying arguments he has previously presented to this Court and to the Third Circuit Court of Appeals. (ECF Nos. 39, 54, 58, 59, 65, 66, 68, 71, 77.) Therefore, Petitioner has not presented an argument that justifies relief under Federal Rule of Civil Procedure 60(b)(6).

## III. CONCLUSION

In the accompanying Order filed herewith, Petitioner's letter-motion to take judicial notice of Dennis, 2016 WL 4440925 (3d Cir. Aug. 23, 2016) will be granted; and Petitioner's letter-

motion requesting the Court to vacate its March 17, 2016 Order will be denied.


DATED: ___/o/ /7/ /6

STANLEY R. CHESLER
United States District Court

4