UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| THOMAS PARKER, | |
| Petitioner | Civil Action No. 3-914 (SRC) |
| v. | **OPINION** |
| ROY L. HENDRICKS, et al., | |
| Respondents. | |

**CHESLER**, District Judge

This matter is before the Court upon Petitioner's "Motion to Vacate the District Court October 17, 2016 Order Denying Fifth Fed. R. Civ. P. 60(b) Motion, Pursuant to Subsections (4) and (6)." (Docket No. 112). Respondents have opposed the motion. (Docket No. 113.) The Court has considered the parties' submissions and, for the reasons stated below, the Court will deny Petitioner's motion.

I. BACKGROUND

In January 2003, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction and sentence. (Docket No. 1.) The Court denied his habeas petition on August 21, 2009. (Docket Nos. 35, 36). In the years since then, including the present motion, Petitioner has filed ten motions pursuant to Federal Rule of Civil Procedure 60(b) seeking to challenge the denial of his habeas petition and the subsequent denials of his motions for

reconsideration.[1] (Docket Nos. 37, 54, 59, 66, 71, 86, 92, 97, 104, 112.) Each of the previous motions were denied. (Docket Nos. 47, 48; 62; 68; 82, 83; 89; 95; 100, 101; 107, 108.) Petitioner appealed each of this Court's orders denying his Rule 60(b) motions to the Court of Appeals for the Third Circuit, which denied those appeals.

In this Court's most recent consideration of this case on October 17, 2016, the Court denied Petitioner's "fifth" motion under Rule 60(b). (Opinion and Order, Docket Nos. 107, 108.) In that motion, Petitioner alleged, as he has in prior motions, a factual error in the order denying his petition for habeas corpus relief. (Docket No. 97.) Petitioner also argued that the Court failed to address his arguments under the "catch-all" provision of Rule 60(b)(6) in its March 17, 2016, Opinion and Order denying his fourth motion for reconsideration. (Id.) The Court denied Petitioner's fifth motion, concluding that Petitioner was "once again . . . rehashing the underlying arguments he has previously presented to this Court and to the Third Circuit Court of Appeals." (Docket No. 107 at 3.)

Petitioner brings his present motion under Federal Rule of Civil Procedure 60(b)(4) and (6). (Docket No. 112 at 1.) Petitioner again argues that this Court failed to address his claims presented in his prior motion. (Docket No. 112 at 1.) Specifically, Petitioner claims that the Court "failed to rule on . . . the claim which pertain to the fact that the Judge had the material state-court facts wrong he denied habeas petition on August 21, 2009." (Id.)

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a Final Judgment, Order or Proceeding for five enumerated reasons and for "any other reason that justifies relief."

---

[1] A number of Petitioner's motions were duplicative and two were denied for lack of jurisdiction because Petitioner filed the motions during the pendency of his appeal of the same order. Thus, Petitioner's instant motion addresses this Court's denial of his "fifth" motion for reconsideration, though Petitioner has filed ten such motions.

2

Fed. R. Civ. P. 60(b)(6). "[A] motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Kustom Signals, Inc. v. Applied Concepts, Inc., 247 F.Supp.2d 1233, 1235 (D. Kan. 2003); see Balter v. U.S., 410 F. App'x 428, 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions).

Yet again, Petitioner is rehashing the underlying arguments regarding an alleged error of fact in the determination of his petition for habeas relief. Petitioner has previously presented this argument both to this Court and to the Third Circuit Court of Appeals. Moreover, contrary to Petitioner's assertions, this Court has addressed and rejected this argument in its prior adjudications. (See e.g., Docket No. 100 at 3-6.) Therefore, Petitioner has not presented an argument that justifies relief under Federal Rule of Civil Procedure 60(b)(6).

## III. CONCLUSION

In the accompanying Order filed herewith, Petitioner's "Motion to Vacate the District Court October 17, 2016 Order Denying Fifth Fed. R. Civ. P. 60(b) Motion, Pursuant to Subsections (4) and (6)" will be denied.

Dated: December 19, 2017

STANLEY R. CHESLER
United States District Court

3