NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |  |
|---|---|---|
| THOMAS PARKER, | : | |
| | : | Civ. Action No. 03-914 (SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| ROY L. HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |

**CHESLER, District Judge:**

**I.     INTRODUCTION**

This matter is before the Court upon Petitioner's Motion to Vacate the District Court's December 19, 2017 Order Denying his Motion pursuant to Fed. R. Civ. P. 60(b).  (ECF No. 119.) Respondents have opposed the motion. (ECF No. 120.) The Court has considered the parties' submissions, and, for the reasons stated below, the Court will deny Petitioner's motion.  Because the Court has addressed this issue numerous times, it will not accept any further Rule 60(b) motions from Petitioner with respect to this issue.

**II.     BACKGROUND**

In January 2003, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction and sentence. (ECF No. 1.) The Court denied his habeas petition on the merits on August 21, 2009. (ECF Nos. 35, 36.)  In the years since then, including the present motion, Petitioner has filed eleven motions pursuant to Federal Rule of Civil

Procedure 60(b) seeking to challenge the denial of his habeas petition and the subsequent denials of his motions for reconsideration.[1] (ECF Nos. 37, 54, 59, 66, 71, 86, 92, 97, 104, 112, 119.) Each of the motions has been denied by the District Court. (ECF Nos. 47, 48, 62, 68, 82, 83, 89, 95, 100, 101, 107, 108, 114, 115.) Petitioner appealed the denials of his Rule 60(b) motions to the Court of Appeals for the Third Circuit, which denied those appeals.

In this motion, Petitioner alleges, as he has in prior motions, that the District Court "had material state-court facts wrong" when it denied Petitioner's habeas corpus petition in 2009. Petitioner contends that the District Court relied on two factual errors in denying his habeas claims challenging the denial of his motion for a new trial. *See Parker v. Hendricks*, No. CIV A 03-CV-914 DMC, 2009 WL 2602191, at *4 (D.N.J. Aug. 21, 2009), opinion supplemented on denial of reconsideration, No. 03-CV-914 (DMC), 2010 WL 2652407 (D.N.J. June 24, 2010). Specifically, in this motion for relief (ECF No. 119), Petitioner asserts that the District Court misstated two facts from the state court record: (1) that robbery victim Ms. James "identified" Petitioner as her attacker, and (2) that black paint similar to the paint from Petitioner's Black Nissan was found on the homicide victim's car. (*See* 119-1 at 14.) He asserts that that these alleged factual errors in the 2009 Opinion violated his constitutional rights and his right to the Great Writ and seeks relief under Rule 60(b).

Notably, in a prior Rule 60(b) motion, Petitioner similarly asserted that that Judge Cavanaugh's "August 21, 2009 Order denying habeas relief 'squarely relied on the mistake that, 'the Petitioner was identified by Phillissa James as the guy who attacked her' and that 'black paint

---

[1] A number of Petitioner's motions were duplicative and two were denied for lack of jurisdiction because Petitioner filed the motions during the pendency of his appeal of the same order. Thus, Petitioner's instant motion addresses this Court's denial of his "fifth" motion for reconsideration, though Petitioner has filed ten such motions.

2

similar to black paint from the Petitioner's black Nissan Maxima was found on the victim's red Toyota.'" *Parker v. Hendricks*, No. CV 03-0914 (SRC), 2016 WL 1060413, at *1 (D.N.J. Mar. 17, 2016).

In denying Petitioner's Rule 60(b) motion, this Court explained that

> Petitioner's claim that Judge Cavanaugh relied on misrepresentations by Respondents in denying habeas relief is belied by Judge Cavanaugh's June 24, 2010 Opinion, in which he recognized that James' identification of Petitioner was not certain ("James also identified the petitioner's photo as 'looking like the guy' by his mouth, eyes and skin color") (emphasis added); and the paint specimens did not match the Maxima ("The Maxima [Petitioner's car] had no damage consistent with hitting a red car" and "Paint specimens from the Acura matched the paint from Burt's car.") (June 24, 2010 Opinion, ECF No. 47 at 3-4.)
>
> Contrary to Petitioner's assertion, Judge Cavanaugh's June 24, 2010 Opinion is very relevant to Petitioner's request for relief. Judge Cavanaugh entered this Opinion upon reconsideration of the August 21, 2009 Opinion and Order that Petitioner is challenging. In discussing the background facts of the case in his reconsidered Opinion, Judge Cavanaugh cited the very statements that Petitioner now puts forth as "new evidence." Judge Cavanaugh took these facts into account when he found that Petitioner simply was not entitled to habeas relief.

*Parker*, 2016 WL 1060413, at *2.[2]

### III. ANALYSIS

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a Final Judgment, Order or Proceeding for five enumerated reasons and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[A] motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F.Supp.2d 1233, 1235 (D. Kan. 2003);

---

[2] In the factual recitation in the 2009 Opinion, the District Court described the identification by Ms. James as follows: "On January 19, 1993, Ms. James gave a statement at the police station identifying Petitioner as "looking like the guy" who took her jacket at the diner." *Id.* at *1.

3

*see Balter v. U.S.*, 410 F. App'x 428, 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions).

Petitioner once again seeks relief under Rule 60(b) for the same alleged errors of fact in the 2009 Opinion. Petitioner has previously presented this argument both to this Court and to the Third Circuit Court of Appeals. And contrary to Petitioner's assertions, this Court has addressed and rejected this argument in its prior adjudications. *See Parker*, 2016 WL 1060413, at *2; *see also* ECF Nos. 100, 101. Therefore, Petitioner has not presented an argument that justifies relief under Federal Rule of Civil Procedure 60(b)(6).

Petitioner appears to contend that the Court has not addressed his argument that the alleged factual errors in the 2009 Opinion violate his constitutional rights and his right to the Great Writ. Petitioner, however, makes no arguments that the factual errors in the 2009 Opinion had any impact on the Court's denial of his habeas claims in connection with the state courts' denial of his new trial motion or other claims, or that the District Court would have found the state court denial of his new trial motion unreasonable in the absence of the alleged factual errors. Instead, Petitioner appears to believe that any factual error in the District Court's 2009 Opinion, even if harmless, amounts to an independent violation of his constitutional rights, entitling him to habeas relief. He is mistaken. A district court's role on habeas review is to consider whether <u>the state courts</u> unreasonably applied clearly established federal law, as established by the Supreme Court of the United States, or unreasonably applied the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d). An error in a habeas opinion's factual recitation that does not affect the correctness of the Court's denial of habeas relief is not a basis for relief from judgment.

## IV. CONCLUSION

For the reasons explained in this Memorandum Opinion, the Court will deny Petitioner's Rule 60(b) motion. The Court will not accept any further motions with respect to this issue.[3] An appropriate Order follows.

          s/ Stanley R. Chesler
          STANLEY R. CHESLER
          United States District Judge

Dated: March 1, 2019

---

[3] Nothing in this Memorandum Opinion prevents Petitioner from filing an appeal with the Third Circuit.